## No. 2787.

### MANUEL MARTINAS *v.* THE STATE.

1. **PRATICE—EVIDENCE.**—In order to render admissible the written testimony of an absent witness taken before an examining court, the predicate must clearly conform to the provisions of articles 772, 773 and 774 of the Code of Criminal Procedure.
2. **SAME.**—Removal of the witness from the State was the ground upon which the written testimony was admitted in this case. The predicate upon which it was admitted was the affidavit of the prosecuting counsel to the effect that he had good reason to believe that the witness had removed beyond the limits of the State, and that he had caused attachments for the witness to be issued to all of the counties in the State, all of which attachments had been returned not executed. *Held,* insufficient as proof of the removal of the witness beyond the limits of the State.
3. **SAME.**—CIRCUMSTANTIAL EVIDENCE may be resorted to for the purpose of establishing the removal of a witness from the State, in order to the admission of his evidence given before the examining court, but, to be sufficient, it must be clear and convincing on the issue.

APPEAL from the District Court of Gonzales. Tried below before the Hon. George McCormick.

The conviction in this case was for assault with intent to murder one Crecencio Garete, and the penalty assessed was a term of two years in the penitentiary.

After laying the predicate described in the opinion, the State first introduced in evidence the written testimony of Crecencio Garete, as delivered upon the examining trial. It was to the effect that, on his way to his home in Gonzales county, from some undesignated place, and riding on a horse behind one Daniel, he was overtaken by the defendant, who said to him: "This is where I have wanted to catch you." Witness dismounted and defendant stabbed him. Witness staggered back and thrust his hand in his pocket to get his knife. He got it out, but before he could open it, the defendant knocked it from his hand and stabbed him again. Witness then said, "I give up." Daniel then interposed and said to defendant: "That is enough." Defendant replied: "It is not enough; I will kill him." Witness then became unconscious. When he revived he found that he was wounded in four places. He and defendant had never had a previous difficulty.

On cross examination the witness said that he and defendant did, on a former occasion, at a dance, have a difficulty, but did not exchange blows, bystanders interfering. The cutting occurred on the morning of June 25, 1886, near Mr. John Clayton's place.

John Clayton testified, for the State, that early on the morning alleged in the indictment, he found the Mexican Crecencio Garete on the road, near his place, badly wounded by a knife, and lying on his face. He was praying in the Spanish language. Witness summoned others and conveyed the wounded man to a neighboring house.

M. T. Haynes testified, for the defense, that he had known the defendant for several years. His reputation among Americans was that of a quiet, peaceable man. Witness did not know what the reputation of defendant was among Mexicans and others with whom he associated.

*W. W. Glass*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. On the trial of this cause the State was permitted to read in evidence, over the objection of the defendant, the written testimony of Crecencio Garete, the injured party, taken before an examining court in accordance with law. The ground upon which said testimony was admitted was that, since it was taken, the witness had removed beyond the limits of this State. The objection made to its admission was that the State had not sufficiently established said ground. The only evidence upon the subject is the statements in an affidavit made by the district attorney that said witness at one time resided in Gonzales county, Texas, but was then absent from said county, and had been so absent for a year or more; that due diligence had been used to ascertain the whereabouts of said witness by causing attachments to be issued to every county in the State, all of which had been returned not executed, as no such man resided in the counties; that the affiant had reason to believe and did believe that said witness was beyond the limits of the State of Texas.

It is only under the provisions of our statute that testimony taken before an examining court can be used in evidence against a defendant, and, to render it admissible, it must be shown clearly and satisfactorily, that it comes within those

provisions. (Code Crim. Proc., arts. 772, 773, 774.) In the case before us, to render the testimony of the witness Garete admissible, it devolved upon the State to establish by the oath of the district or county attorney, or of some creditable person, that said witness had removed beyond the limits of this State. While it was competent to establish such fact by circumstantial evidence (Conner v. State, 23 Texas Ct. App., 378), as was sought to be done by the affidavit of the district attorney, such evidence to be sufficient must be clear and convincing, showing to the satisfaction of the mind of the court the existence of the fact relied on. It has always been held by this court that to render such testimony admissible a predicate must be clearly and satisfactorily established in conformity with the statute. (Sullivan v. The State, 6 Texas Ct. App., 319; Evans v. The State, 12 Texas Ct. App., 370; Pinckney v. The State, Id., 319; Menges v. The State, 21 Texas Ct. App., 413; Steagald v. The State, 22 Ct. App., 364.)

To our minds the evidence that the witness Garete had removed from the State is not clear and satisfactory, and does not, in our judgment, warrant the admission of his written testimony. It shows merely a probability that the witness had left the State. Conceding that inquiry had been made for him by means of attachments sent to every county in the State, as stated in the affidavit of the district attorney, and that the officers who received the attachments made diligent but ineffectual search for the witness in their respective counties, it does not certainly follow that he had removed beyond the limits of the State. He may have gone into a county *after* the attachment which had been sent to that county had been returned, and may have since resided in that county. It seems reasonable to us that if the witness had in fact removed from the State, clearer and more satisfactory evidence of his removal can be produced by the State than was produced on the trial. But, be this as it may, we are unwilling to go beyond the statute and former decisions of this court with respect to this character of evidence, which, in our opinion, we would do were we to hold the testimony of the witness Garete admissible.

Because the court erred in admitting said testimony, and because such error is material, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered October 10, 1888.